[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of an application to reduce or discharge a mechanics lien. CT Page 3113
The following factual picture has been presented. At all times mentioned herein, Blanca Berisha (Applicant) is the owner of property known as 55 Pemberton Street, Waterbury; and Lardner Clark Company, Inc. (Lienor) is in the business of home improvement and home remodeling.
The subject premises is a four story building which is primarily used for residential purposes. The building is divided into eight residential units. The Waterbury assessor's records characterizes the property as an apartment house consisting of eight units. Further, KVS Information Systems, Inc. (KVS) were retained in 1990 by the City of Waterbury to perform the mandatory revaluation. After inspecting the subject property, KVS classified said property as an apartment house consisting of eight apartments.
In March of 1990, the lienor commenced the process of replacing the siding and all the windows on the subject premises pursuant to a contract. The lienor completed the work; but the applicant was not satisfied with the work and the applicant has refused to pay the lienor as called for under the term of the contract. Thereafter on May 23, 1990, the lienor filed a mechanics lien against the subject property.
Subsequently the applicant filed the instant application claiming that the mechanics lien is excessive and unsupported by probable cause.
The only issue presented at this time for the court's consideration is whether or not Connecticut Home Improvement Act, Connecticut General Statutes Section 20-418 et seq., applies to the present situation.
Section 20-419 (4) reads in part: "Home Improvement" includes but is not limited to, the repair, replacement, remodeling, alteration, modernization, improvement, rehabilitation or sand blasting of or addition to any land or building or that portion thereof which is used or designed to be used as a "private residence. . . ." Section 20-419 (8) reads as follows: "Private residence" means "a single family dwelling or a multi-family dwelling consisting of not more than six units". The only conclusion that can be reached is that the subject premises is an eight unit apartment house and it is not a private residence as defined under Section 20-419 (8). Therefore the provisions of the Connecticut Home Improvement Act Section 20-419 et seq. do not apply to this particular case; and the applicant cannot have at her disposal any of the protection extended by said Home Improvement Act.
As a consequence of the decision that said Home Improvement CT Page 3114 Act is not applicable, the instant application must be reviewed in accordance with the mandate of Connecticut General Statutes Section 49-35b which reads in part:
 (a) Upon the hearing held on the application or motion set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced.
Upon review of the facts, the lienor has sustained its burden establishing that there is probable cause to sustain the validity of the lien; and the applicant has failed to sustain her burden by clear and convincing evidence that the lien is invalid or that the lien is excessive.
Accordingly, the application for the reduction or discharge of the mechanic's lien is denied.
BYRNE, J.